UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICK ANTHONY FRAYER,

      Plaintiff,

v.

MT. FOREST TOWNSHIP, *et al.*,

      Defendants.
_____/

No. 25-10036

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [2] AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Rick Anthony Frayer brings this pro se action challenging attempts to collect unpaid real property taxes on a property in Pinconning. (ECF Nos. 1, 3.) He has named Bay County, the Bay County Treasurer, Mt. Forest Township, and certain Township officials as defendants in the matter. Plaintiff has also filed an application to proceed without prepaying fees or costs ("in forma pauperis" or "IFP"). (ECF No. 2.) For the reasons below, the Court DENIES Plaintiff's request to proceed IFP and DISMISSES his complaint.

I.    **Plaintiff's Application to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." The Supreme Court has held that one need not "be absolutely destitute to enjoy the benefit of" this provision. *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). However, proceeding IFP "is a privilege, not a right, and permission to so

1

proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (citations omitted). "In determining IFP eligibility, courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess." *Giles v. Comm'r of Soc. Sec.*, No. 14-11553, 2014 U.S. Dist. LEXIS 74028, at *2 (E.D. Mich. Apr. 24, 2014) (internal quotations and citation omitted). "Courts have denied IFP applications where applicants have had assets and/or income that exceed the cost of filing the complaint." *Rowe v. Berryhill*, No. 17-13264, 2017 U.S. Dist. LEXIS 207345, at *2 (E.D. Mich. Oct. 13, 2017) (citation omitted).

Here, Plaintiff indicates that he is retired but receives $2,100 per month in social security and a small pension. His listed expenses and financial obligation do not exceed that amount. Also, Plaintiff has two vehicles and $500 in cash or in a checking or savings account. Thus, the Court finds that Plaintiff has not demonstrated that he cannot both pay the costs of litigation and still provide for himself. Accordingly, Plaintiff's application to proceed without prepayment of fees or costs is denied.

The Court would ordinarily give Plaintiff the opportunity to pay the filing fee. But there is no need to do so here, because even if Plaintiff were to pay the fee in full, his complaint would be subject to dismissal.

## II. Plaintiff's Complaint

### A. Legal Standard

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Moreover, "a district

2

court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)).

**B.     Analysis**

Plaintiff takes issue with a "notice of pending forfeiture of property for unpaid real property taxes" issued by the Bay County Treasurer giving him until March 1, 2022 to pay delinquent taxes, penalties, interest, and fees. (*See* ECF No. 3, PageID.15.) He asserts that he is entitled to the "permanent residence" exemption and should not be required to pay taxes on his property. Plaintiff invokes the Court's federal question jurisdiction and elaborates as follows: "right to own land/exemptions/my shelter can not be taxed/violating my rights/falsifying government document for profit/extortion." (ECF No. 1, PageID.4.) Plaintiff requests a refund of the taxes paid since 1986 along with damages.

The Tax Injunction Act ("TIA") provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA serves as "a jurisdictional barrier to the federal courts for claims of declaratory or injunctive relief brought by a party aggrieved by a state's administration of its taxing authority." *Pegross v. Oakland Cnty. Treasurer*, 592 F. App'x 380, 384 (6th Cir. 2014) (citations omitted); *see also Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503,

3

522 (1981) (stating that the TIA "was first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes"). Relatedly, the doctrine of comity "prohibits 'taxpayers from asserting § 1983 actions against the validity of state tax systems in the lower federal courts.'" *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 541 (6th Cir. 2004) (quoting *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 (1981)). This doctrine, "which is more embracive than the TIA, forbids suits for damages under 42 U.S.C. § 1983 brought to remedy allegedly unconstitutional state tax assessment or collection." *Pegross*, 592 F. App'x at 385 (citations omitted). The doctrine of comity applies if there is a state remedy that is "plain, adequate, and complete." *Chippewa Trading Co.*, 365 F.3d at 542 (citations omitted). This standard is similar to the TIA's requirement that there be a state remedy that is "plain, speedy and efficient." *See McNary*, 454 U.S. at 116 n.8.

Here, Plaintiff seeks to avoid paying state taxes and to obtain a refund of paid taxes. Plaintiff's claim for damages also stems from his allegations that Defendants have improperly collected property taxes. Thus, as long as there is an adequate state remedy, Plaintiff's complaint is barred by the TIA and the doctrine of comity. Courts have found the procedure for challenging tax assessments under Michigan law adequate. *See, e.g.*, *Barnaby v. Mich. State Gov't*, No. 1:22-cv-1146, 2024 U.S. Dist.

LEXIS 136208, at *50 (W.D. Mich. July 9, 2024). Accordingly, this Court lacks jurisdiction over the matter.[1]

### III. Conclusion

For the foregoing reasons, Plaintiff's application to proceed without prepayment of fees or costs is DENIED, and his complaint is DISMISSED without prejudice.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 15, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 15, 2025, by electronic and/or ordinary mail.

s/Marlena Williams
Case Manager

---

[1] To the extent Plaintiff alleges that Defendants committed "crimes," a private citizen "has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *See Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002).